**Dennis Vladimirovich BATYUCHENKO, Petitioner,**

v.

**Janet RENO; United States Immigration and Naturalization Service; and Richard Smith, Respondents.**

No. C99–185R.

United States District Court, W.D. Washington, at Seattle.

July 15, 1999.

Jay Warren Stansell, Jennifer Wellman, Asst. Federal Public Defenders, Seattle, WA, for petitioner.

Quynh Vu, U.S. Dept. of Justice, Office of Immigration Litigation, Christopher L. Pickrell, Asst. U.S. Atty., Washington, DC, for respondents.

## SUPPLEMENTAL ORDER RE: PETITIONER BATYUCHENKO

ROTHSTEIN, District Judge.

PETITIONER Batyuchenko, in addition to claiming that his indefinite detention violates his substantive and procedural rights, contests the legality of his final order of deportation. Respondents Janet Reno, the INS, and Richard C. Smith (hereinafter "the government") dispute whether jurisdiction exists for the court to consider Batyuchenko's challenge to the final order of deportation.

### I. DISCUSSION

In the Joint Order, the court concluded that jurisdiction exists under 28 U.S.C. § 2241 to consider the constitutionality of the detention at issue in this case. *See* Joint Order at 5. The Joint Order did not determine whether the court possesses jurisdiction to consider a petitioner's challenge of the validity of his final order of deportation. Although Batyuchenko argues that this court possesses the jurisdiction necessary to consider his claim, the court need not address the jurisdictional issue. Batyuchenko forfeited his right to challenge his underlying deportation order when he failed to exhaust his administrative remedies.

The Immigration and Naturalization Act ("INA") provides for judicial review of final removal orders only if "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). The government points out that Batyuchenko never filed an appeal of his final order of deportation with the Board of Immigration Appeals ("BIA") and thus has failed to exhaust his administrative remedies. The government argues, therefore, this court lacks jurisdiction to consider Batyuchenko's challenge to his final order of deportation.

The court finds the government's argument persuasive. In challenging his final order of deportation, Batyuchenko advances a statutory argument he could have made to the BIA. Batyuchenko's failure to appeal his final order of deportation waived his right to challenge the final order and precludes this court from reviewing the final order of deportation.

### II. CONCLUSION

Batyuchenko's final order of deportation claim is hereby DISMISSED.